UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-125-HRW

ANITA R. HENSLEY,                                     PLAINTIFF,

v.              **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge

a final decision of the Defendant denying Plaintiff's application for a supplemental

security income benefits.  The Court having reviewed the record in this case and

the dispositive motions filed by the parties, and being otherwise sufficiently

advised, for the reasons set forth herein, finds that the decision of the

Administrative Law Judge is supported by substantial evidence and should be

affirmed.  The Court further finds no cause for remand of this matter.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her current application for  supplemental security income

benefits on December 8, 1999.  This application  was denied initially and on

reconsideration.  On August 2, 2001, an administrative hearing was conducted by

1

Administrative Law Judge John T. Yeary, who issued a denial decision. Plaintff

appealed. Her appeal was denied on March 22, 2002. Thereafter, Plaintff filed a

civil suit in the United States District Court for the Eastern District of Kentucky,

Ashland Division. *Anita Hensley v. Commissioner of Social Security*, Civil Action

02-107-GWU. Judge Unthank remanded this matter to the Commissioner by

Order entered on June 25, 2003,with specific instructions to consider the findings

of the psychological consultant, William Lynne (Tr. 516-525). The Appeals

Council thereafter remanded the matter to the Hearing Office in Huntington, West

Virginia for further proceedings.

On November 16, 2004 Administrative Law Judge William H. Gitlow

(hereinafter "ALJ") convened a hearing, wherein Plaintiff, accompanied by

counsel, testified (Tr. 560-592), as did Gina Baldwin, a vocational expert

(hereinafter "VE"), (Tr. 593-598). At the hearing, the ALJ admitted into

evidence, exhibits 1A through 25F (Tr. 559).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not
> disabled.

2

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 24, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 489-500).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr.499).

The ALJ then determined, at Step 2, that Plaintiff suffered from back and knee problems, obesity, anxiety and borderline intellectual functioning, which he found to be "severe" within the meaning of the Regulations (Tr. 499).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or

3

medically equal any of the listed impairments (Tr. 499).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 499) but determined that she has the residual functional capacity ("RFC") to perform a significant range of light and sedentary work (Tr. 500).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a variety of jobs, such as gate guard and bench assembler (Tr. 500).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 500).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on July 8, 2005.

Plaintiff filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9, 12 and 13] and this matter is ripe for decision.

## III. ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is

supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.    Analysis

Plaintiff's contention on appeal appears to be that this matter should be remanded for consideration of new evidence, specifically, a "Physical Work Performance Evaluation Summary", complied on December 9, 2004 by Bryan

5

Fugate, ORT/L (Tr. 502-508) and phonographs of the Plaintiff. [1]

Sentence six of 42 U.S.C. §405(g) provides:

> The court . . . may at any time order additional evidence
> be taken before the Commissioner of Social Security, but
> only upon a showing that there is new evidence which is
> material and that there is good cause for the failure to
> incorporate such evidence into the record in a prior
> proceeding.

42 U.S.C. §405(g). However, the limited circumstances under which

remands are permitted arise when the party seeking remand shows that: (1) there is

new, non-cumulative evidence: (2) the evidence is "material" - i.e., both relevant

and probative, so that there is a reasonable possibility that it would change the

administrative result; and, (3) there is good cause for failure to submit the

evidence at the administrative level. *Willis v. Secretary of Health and Human*

*Services*, 727 F.2d 551, 554 (6ᵗʰ. Cir. 1984). While it is not, generally, difficult for

a party seeking remand to show that evidence is new, it is, generally, onerous to

demonstrate that the new evidence is material.

In the instant case, there appears to be no dispute that the evidence is "new"

---

[1] The Plaintiff makes references to various exhibits in the record but fails to make any
cogent argument in their regard. The Court will not consider these as arguments on appeal.
"Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed
argumentation, are deemed waived."' McPherson v. Kelsey, 125 F.3d 989, 995-996 (6ᵗʰ Cir.
1997), quoting ----. Further, "[i]t is not sufficient for a party to mention a possible argument in
the most skeletal way, leaving the court to ... put flesh on its bones.'" *Id*.

in that it was not presented at the hearing.   The work evaluation was not in existence at the time of the hearing.   However,  the record shows that Plaintff sent it to the ALJ after the hearing.  It was not considered by the ALJ in his decision but was addressed by the Appeals Council .   The Appeals Council found that it provided no basis for changing the final decision (Tr. 470).  It is unclear when the phonographs were taken.  The record seems to indicate that they were sent to the Appeals Council.

Yet Plaintiff has failed to show that the new evidence is material.  In order to meet his burden as to materiality, Plaintiff "must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

With regard to the work evaluation, the Court finds that it is not "material" for the purposes of remand.  First, its author designates himself as an occupational therapist, not a licensed medical doctor.  As such, his opinions, as expressed in the evaluation, are not entitled to deference as he is not a treating medical source. Further, the evaluation appears to be based upon a single examination, presumably conducted  for the purpose of competing the evaluation.  Finally, Mr. Fugate's findings are inconsistent with the other, credible medical evidence of record.  For

7

Case: 0:05-cv-00125-HRW   Doc #: 14   Filed: 04/17/06   Page: 8 of 9 - Page ID#: 97

example, he opines that Plaintff cannot lift any weight whatsoever, whereas other medical evidence supports the ALJ's RFC of light level work. Indeed, even Plaintiff's own testimony that she shops for groceries and carries the "real light stuff" (Tr. 497, 63-64), undercuts Mr. Fugate's opinion.

Given the weight of evidence contrary to the substance of the work evaluation, the Court finds that Plaintff has failed to demonstrate that there is a reasonable probability that it would have changed the denial of her application for supplemental security income benefits.

As for the phonographs, they provide nothing new for the ALJ's consideration. Plaintff urges that the photographs depict "a woman morbidly obese who has difficulty walking and getting up and down in a chair." [Docket No. 9]. The ALJ observed Plaintiff's appearance at the hearing. The ALJ also determined that Plaintiff's obesity was a "severe" impairment and took the same into consideration in formulating the RFC. Plaintff has failed to demonstrate that there is a reasonable probability that the photographs would have changed the denial of her application for supplemental security income benefits.

### III. CONCLUSION

Based upon the foregoing, the Court finds no cause for remand of this matter. The Court further finds that the ALJ's decision is supported by substantial

8

evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the

Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's

Motion for Summary Judgment be **SUSTAINED**.   A judgment in favor of the

Defendant will be entered contemporaneously herewith.

This _____17_____ day of April, 2006.


Henry R. Wilhoit, Jr., Senior Judge